UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| XCEL SOFTWARE, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>H2 TECHNOLOGIES, INC. )<br>)<br>Defendant. )<br>) | Docket No: 04-10542NG |

## ANSWER OF DEFENDANT H2 TECHNOLOGIES
## TO PLAINTIFF'S COMPLAINT

Defendant, H2 Technologies ("H2"), by and through its attorneys, Burns & Levinson LLP hereby answers the Complaint of Plaintiff, Xcel Software, Inc. ("Xcel"), as follows:

### INTRODUCTION

1. H2 asserts that the statements contained in Paragraph No. 1 of the Complaint set forth legal conclusions to which no answer is required, but to the extent that an answer may be required, H2 denies the same.

### PARTIES

2. H2 asserts that the statements contained in Paragraph No. 2 of the Complaint set forth legal conclusions to which no answer is required, but to the extent that an answer may be required, H2 denies the same.

3. H2 asserts that the statements contained in Paragraph No. 3 of the Complaint set forth legal conclusions to which no answer is required, but to the extent that an answer may be required, H2 denies the same and states that it's correct corporate name is ADK Corporation (Georgia Corporation), d/b/a H2 Technologies with a principal place of business at 2166-C West Park Court, Stone Mountain, GA 30087.

## JURISDICTION AND VENUE

4. H2 asserts that the statements contained in Paragraph No. 4 of the Complaint set forth legal conclusions to which no answer is required, but to the extent that an answer may be required, H2 denies the same.

5. H2 asserts that the statements contained in Paragraph No. 5 of the Complaint set forth legal conclusions to which no answer is required, but to the extent that an answer may be required, H2 denies the same.

6. H2 asserts that the statements contained in Paragraph No. 6 of the Complaint set forth legal conclusions to which no answer is required, but to the extent that an answer may be required, H2 denies the same.

7. H2 asserts that the statements contained in Paragraph No. 7 of the Complaint set forth legal conclusions to which no answer is required, but to the extent that an answer may be required, H2 denies the same.

8. H2 asserts that the statements contained in Paragraph No. 8 of the Complaint set forth legal conclusions to which no answer is required, but to the extent that an answer may be required, H2 denies the same.

9. H2 asserts that the statements contained in Paragraph No. 9 of the Complaint set forth legal conclusions to which no answer is required, but to the extent that an answer may be required, H2 denies the same.

## FACTS COMMON TO ALL COUNTS

10. H2 is without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph No. 10 of the Complaint.

11. H2 is without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph No. 11 of the Complaint.

12. H2 is without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph No. 12 of the Complaint.

13. H2 is without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph No. 13 of the Complaint.

14. H2 is without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph No. 14 of the Complaint.

15. H2 denies the allegations contained in Paragraph No. 15 of the Complaint and states that to the best of its knowledge it did not attend, or send representatives to, the 2003 Association of Field Service Mangers International trade show.

16. H2 is without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph No. 16 of the Complaint.

17. H2 is without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph No. 17 of the Complaint.

18. H2 is without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph No. 18 of the Complaint.

19. H2 admits that it received a cease and desist letter from counsel for Xcel in November, 2003.

20. H2 denies the allegations contained in Paragraph No. 20 of the Complaint and objects to the inclusion of confidential settlement proposals as evidentiary Exhibit D to the Complaint. To the extent that Plaintiff Xcel seeks to use Exhibit D to establish liability for a claim or an amount of a claim, such use is wholly improper and barred by Fed. R. Evid. 406. H2 reserves its right to seek appropriate sanctions for Xcel's abuse of the settlement process and breach of confidentiality obligations.

21. H2 denies the allegations contained in Paragraph No. 21 of the Complaint.

22. H2 denies the allegations contained in Paragraph No. 22 of the Complaint.

23. H2 denies the allegations contained in Paragraph No. 23 of the Complaint.

## COUNT ONE
### (Trademark Infringement and False Designation of Origin Under the Lanham Action 15 U.S.C. §1125(a))

24. H2 repeats and realleges its responses to Paragraphs Nos. 1-23 of the Complaint as if fully set forth herein.

25. H2 is without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph No. 25 of the Complaint.

26. H2 is without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph No. 26 of the Complaint.

27. H2 is without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph No. 27 of the Complaint.

28. H2 is without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph No. 28 of the Complaint.

29. H2 is without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph No. 29 of the Complaint.

30. H2 denies the allegations contained in Paragraph No. 30 of the Complaint.

    (i) H2 denies the allegations contained in Paragraph No. 30(i) of the Complaint.

    (ii) H2 denies the allegations contained in Paragraph No. 30(ii) of the Complaint.

    (iii) H2 denies the allegations contained in Paragraph No. 30(iii) of the Complaint.

    (iv) H2 denies the allegations contained in Paragraph No. 30(iv) of the Complaint.

    (v) H2 denies the allegations contained in Paragraph No. 30(v) of the Complaint.

31. H2 denies the allegations contained in Paragraph No. 31 of the Complaint.

32. H2 is without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph No. 32 of the Complaint.

33. H2 denies the allegations contained in Paragraph No. 33 of the Complaint.

34. H2 denies the allegations contained in Paragraph No. 34 of the Complaint.

### COUNT TWO
### (Unfair Competition Under the Lanham Act, 15 U.S.C. §1125(a))

35. H2 repeats and realleges its responses to Paragraphs Nos. 1-34 of the Complaint as if fully set forth herein.

36. H2 denies the allegations contained in Paragraph No. 36 of the Complaint.

37. H2 denies the allegations contained in Paragraph No. 36 of the Complaint.

38. H2 denies the allegations contained in Paragraph No. 38 of the Complaint.

## COUNT THREE
### (Violation of Massachusetts Unfair Competition Law, Mass. G.L. c. 93A)

39. H2 repeats and realleges its responses to Paragraphs Nos. 1-38 of the Complaint as if fully set forth herein.

40. H2 denies the allegations contained in Paragraph No. 40 of the Complaint.

41. H2 denies the allegations contained in Paragraph No. 41 of the Complaint.

42. H2 denies the allegations contained in Paragraph No. 42 of the Complaint.

43. H2 denies the allegations contained in Paragraph No. 43 of the Complaint.

## COUNT FOUR
### (Tortious Interference With Prospective Economic Advantage)

44. H2 repeats and realleges its responses to Paragraphs Nos. 1-43 of the Complaint as if fully set forth herein.

45. H2 is without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph No. 45 of the Complaint.

46. H2 denies the allegations contained in Paragraph No. 46 of the Complaint.

47. H2 denies the allegations contained in Paragraph No. 47 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim against H2 upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over H2.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are time barred by the applicable statutes of limitation.

WHEREFORE, H2 respectfully requests that this Court enter a judgment:

    A.    Dismissing with prejudice all claims in the Complaint;

    B.    Declaring the SERVICEWORKS trademark of Plaintiff not infringed by H2;

    C.    Awarding H2 its costs;

    D.    Granting to H2 such further necessary and proper relief as the Court may deem just and proper.

Respectfully submitted,

ADK Corporation (d/b/a H2 Technologies)

By its attorneys,

Merton E. Thompson
BBO #637056
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110
Tel: (617) 345-3000
Fax: (617) 345-3299

DATED:    April 12, 2004

## CERTIFICATE OF SERVICE

I, Merton E. Thompson, Esq., hereby certify that on April 12, 2004, a copy of the foregoing pleading was forwarded to counsel for plaintiffs, Sean Ploen, Esq. at Boston Law Group, LLP, 20 Park Plaza, Suite 637, Boston, MA 02116.

_____
Merton E. Thompson

## Corporate Disclosure Statement Pursuant to Local Rule 7.3

Pursuant to Local Rule 7.3, ADK Corporation (d/b/a H2 Technologies) submits the following corporate disclosure statement:

ADK Corporation does not have any parent corporations and no publicly held company owns ten percent (10%) or more of ADK's stock.

Respectfully submitted,

                                ADK Corporation (d/b/a H2 Technologies)

                                By its attorneys,

                                _/s/ Merton E. Thompson_
                                Merton E. Thompson
                                BBO #637056
                                Burns & Levinson LLP
                                125 Summer Street
                                Boston, MA  02110
                                Tel: (617) 345-3000
                                Fax: (617) 345-3299

DATED:      April 12, 2004